| | |
|---|---|
| MARGRET BRACE and CRYSTAL MARTIN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br>vs.<br><br>PROGRESSIVE FINANCIAL SERVICES, INC.,<br><br>    Defendant. | Case No.: 18-cv-249<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, chs. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Margret Brace is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff Crystal Martin is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5. Each Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family, or household purposes.

6. Each Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the alleged debt allegedly arose from a consumer transaction that included agreements to defer payment.

7. Defendant Progressive Financial Services, Inc. ("Progressive") is a foreign corporation with its principal offices located at 1919 W Fairmont Drive, Building 8, Tempe, Arizona 85282.

8. Progressive is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Progressive is licensed as a "Collection Agency" under Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg 74.

10. Progressive is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Progressive is a "debt collector" as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

### Facts Relating to Plaintiff Brace

11. On or about March 5, 2017, Progressive mailed a debt collection letter to Plaintiff Brace regarding an alleged debt, allegedly owed to "Creditor: CAPITAL ONE N.A." and originally owed to "Original Creditor: CAPITAL ONE N.A." ("Capital One"). A copy of this letter is attached to this complaint as Exhibit A.

12. Upon information and belief, the alleged debt that Progressive was attempting to collect was a "Kohl's" store credit account, owned and serviced by Capital One, and used only for personal, family, or household purposes including purchases of personal and home goods at Kohl's Department Stores ("Kohl's").

2

13. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff Brace inserted by computer.

14. Upon information and belief, Exhibit A is a form debt collection letter used by Progressive to attempt to collect alleged debts.

15. Exhibit A states:

```
CREDITOR:              CAPITAL ONE N.A.
ORIGINAL CREDITOR:     CAPITAL ONE N.A.
RE: YOUR KOHL'S CREDIT CARD ACCOUNT ******0105
AMOUNT DUE:            $578.30
ACCOUNT NAME:          MARGRET M BRACE
REFERENCE NUMBER:              7861
```

Exhibit A.

16. Exhibit A also states:

```
THIS LETTER SERVES AS FORMAL NOTICE THAT KOHLS DEPARTMENT STORE HAS PLACED THE
ABOVE-REFERENCED ACCOUNT WITH PROGRESSIVE FINANCIAL SERVICES, INC. FOR COLLECTION
ACTIVITIES. YOUR RESPONSIBILITIES INCLUDE REPAYMENT OF THE ACCOUNT BALANCE, WHICH IS DUE
IN FULL.
```

Exhibit A.

17. Exhibit A states that the creditor is Capital One.

18. Exhibit A also states that KOHLS DEPARTMENT STORE placed the debt with Progressive for collection.

19. "KOHLS DEPARTMENT STORE" and Capital One are two distinct business entities.

20. Upon information and belief, Capital One is the current creditor, not Kohl's.

21. Upon information and belief, only the creditor, Capital One, has the authority to place the debt with a third-party debt collector.

22. Plaintiff Brace was confused by Exhibit A.

3

23. The unsophisticated consumer would be confused by Exhibit A.

24. Plaintiff Brace had to spend time and money investigating Exhibit A.

25. Plaintiff Brace had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

### Facts Relating to Plaintiff Martin

26. On or about May 11, 2017, Progressive mailed a debt collection letter to Plaintiff Martin regarding an alleged debt, allegedly owed to "Creditor: CAPITAL ONE N.A." and originally owed to "Original Creditor: CAPITAL ONE N.A." ("Capital One"). A copy of this letter is attached to this complaint as Exhibit B.

27. Upon information and belief, the alleged debt that Progressive was attempting to collect was a Kohl's store credit account, owned and serviced by Capital One, and used only for personal, family, or household purposes including purchases of personal and home goods at Kohl's department stores.

28. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

29. Upon information and belief, Exhibit B is a form debt collection letter used by Progressive to attempt to collect alleged debts.

30. Exhibit B states:

```
CREDITOR: CAPITAL ONE N.A.
ORIGINAL CREDITOR: CAPITAL ONE N.A.
RE: YOUR KOHL'S CREDIT CARD ACCOUNT ******2633
AMOUNT DUE: $995.15
ACCOUNT NAME: CRYSTAL L MARTIN
REFERENCE NUMBER: █████0649
```

Exhibit B.

31. <u>Exhibit B</u> also states:

> As you know from our previous letter, your above-referenced account has been placed with Progressive Financial Services, Inc. for collection activities.
>
> KOHLS DEPARTMENT STORE will currently accept $597.09 (60% of the amount currently due on this account) **to settle your account.**
>
> To take advantage of this offer contact our offices prior to 06/10/2017 to make arrangements or forward payment of $597.09 with the coupon below so that it is received in our office on or before 06/10/2017. Note that after 06/10/2017 neither Progressive Financial Services, Inc. nor KOHLS DEPARTMENT STORE is under any obligation to renew this offer. If payment of $597.09 is not received in our office on or before 06/10/2017, we will continue to pursue collection of the full balance due.

<u>Exhibit B</u>.

32. <u>Exhibit B</u> states that the creditor is Capital One.

33. <u>Exhibit B</u> also states that "KOHLS DEPARTMENT STORE will currently accept $597.09 (60%) of the amount currently due on this account) to **settle your account.**" <u>Exhibit B</u> (emphasis in original).

34. <u>Exhibit B</u> also states that "after 06/10/2017 neither Progressive Financial Services, Inc. nor KOHLS DEPARTMENT STORE is under any obligation to renew this offer." <u>Exhibit B</u>.

35. "KOHLS DEPARTMENT STORE" and Capital One are two distinct business entities.

36. Upon information and belief, Capital One is the current creditor, not Kohl's.

37. Upon information and belief, only the creditor, Capital One, has the authority to settle the account for less than the full balance owed.

38. The unsophisticated consumer would be confused as to whether the settlement offer Progressive is making in <u>Exhibit B</u> had been approved by Capital One or whether the settlement would require further approval from Capital One.

39. Plaintiff Martin was confused by <u>Exhibit B</u>.

40. The unsophisticated consumer would be confused by <u>Exhibit B</u>.

41. Plaintiff Martin had to spend time and money investigating <u>Exhibit B</u>.

42. Plaintiff Martin had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of <u>Exhibit B</u>.

## **VIOLATIONS OF THE FDCPA**

43. Progressive's misrepresentations as to the identity of the original and current creditors of these accounts are material false, misleading, or confusing statements.

44. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey*

6

*Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

45. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

7

Case 2:18-cv-00249-DEJ    Filed 02/19/18    Page 7 of 15    Document 1

debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

46. The FDCPA requires debt collectors to provide certain information and notices to consumers within five days of the initial contact with the consumer:

(a) **Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(2) the name of the creditor to whom the debt is owed;

15 U.S.C. § 1692g(a)(2).

47. To satisfy § 1692g(a)(2), a debt collector may provide "the name under which [the creditor] usually transacts business, or a commonly-used acronym, or any name that it has used from the inception of the credit relation." *Blarek v. Encore Receivable Mgmt.*, No. 06-cv-420-WEC, 2007 U.S. Dist. LEXIS 22549 at *22 (E.D. Wis. Mar. 27, 2007).

48. Failure to provide the required disclosures within five days of the initial communication with Plaintiff and the class is a *per se* violation of the FDCPA. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 2016 U.S. App. LEXIS 6361 *15-16 (7th Cir. Apr. 7, 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).).

49. For purposes of Plaintiff's claim under 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10), Defendants' omission is a material violation of the FDCPA.

50. Misrepresentation of the creditor's identity is a misrepresentation of the character and legal status of the debt. 15 U.S.C. § 1692e(2)(A).

51. Misrepresentation of the debt as debts that have been sold, or otherwise assigned, by the original creditor is a misrepresentation of the character and legal status of the debt. 15 U.S.C. § 1692e(2)(A).

52. Progressive's misrepresentation is also a "false representation or deceptive means to collect or attempt to collect any debt," in violation of 15 U.S.C. § 1692e(10).

53. The statements in Exhibit A and Exhibit B implying Kohl's is a current creditor of the debt are material misrepresentations because the unsophisticated consumer could mistakenly believe that Kohl's was the current creditor and could make payments to the wrong business entity.

54. If a consumer sent a check to Kohl's, the payment may not satisfy the alleged debt owed to the correct creditor, who would be within its rights to continue collection efforts or even file a lawsuit to collect the debt.

55. In addition, the consumer may be barred from recovering a payment to the incorrect party by the voluntary payment doctrine. Even if the voluntary payment doctrine does not apply or would not be enforced, the logistical challenge of obtaining a refund would discourage consumers from attempting to recover their erroneous payment.

56. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

57. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

9

58. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## VIOLATIONS OF THE WCA

59. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

60. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n**.**15, 596 N.W.2d 786 (1999) (citations omitted).

61. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

62. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

63. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

64. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides

10

injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

65. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

66. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

67. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer or a person related to the customer with such frequency of at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer."

68. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct . . . in such a manner as can reasonably be expected to threaten or harass the customer."

69. Wis. Stat. § 427.104(1)(m) states that a debt collector may not: "Engage in conduct in violation of a rule adopted by the administrator . . . ."

70. The Wisconsin Department of Financial Institutions, which is tasked with regulating licensed debt collectors, has found that "conduct which violates the Federal Fair Debt Collection Practices Act" can reasonably be expected to threaten or harass the customer. *See* Wis. Admin. Code DFI-Bkg 74.16(9) ("Oppressive and deceptive practices prohibited.").

11

71. Wis. Admin. Code § DFI-Bkg 74.13(1) ("Fair Collection Practice Notice") requires licensed collection agencies to "send the following [Fair Collection Practice] notice within 5 days after the initial communication with a debtor:

This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

### COUNT I – FDCPA

72. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

73. Count I is brought on behalf of both Plaintiffs.

74. Exhibit A and Exhibit B identify the creditor as Capital One, N.A.

75. Exhibit A and Exhibit B state that Kohl's Department Store, rather than Capital One, placed the alleged debt with Progressive for collection.

76. Upon information and belief, Kohl's is not the current creditor of these accounts and did not place the debts with Progressive for collection.

77. Exhibit B states that Kohl's Department Store, rather than Capital One, has the authority to settle the account for less than the full balance owed.

78. Upon information and belief, Kohl's is not the current creditor of these accounts and does not have the authority to settle the account for less than the full balance owed.

79. The language in Progressive's letter is false, misleading and confusing to the unsophisticated consumer, in that the letter falsely represents the identity of the creditor.

80. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692g(a), and 1692g(a)(2).

12

## COUNT IV – WCA

81. Plaintiffs incorporate by reference as if fully set forth herein the allegations in the preceding paragraphs of this Complaint.

82. Count IV is brought on behalf of both Plaintiffs.

83. Defendant is a licensed collection agency.

84. Exhibit A and Exhibit B violate the FDCPA.

85. Defendant violated Wis. Stat. §§ 427.104(1)(g) and 427.104(1)(h).

## CLASS ALLEGATIONS

86. Plaintiffs bring this action on behalf of two Classes.

87. Class I consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between February 19, 2017 and February 19, 2018, inclusive, (e) that was not returned by the postal service. Plaintiff Brace is the class representative for Class I.

88. Class II consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit B to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between February 19, 2017 and February 19, 2018, inclusive, (e) that was not returned by the postal service. Plaintiff Martin is the class representative for Class II.

89. Each Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each Class.

90. There are questions of law and fact common to the members of each Class, which common questions predominate over any questions that affect only individual class members.

The predominant common question is whether the Defendant complied with the FDCPA and the WCA.

91. Plaintiffs' claims are typical of the claims of the members of each Class. All are based on the same factual and legal theories.

92. Plaintiffs will fairly and adequately represent the interests of the members of each Class. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

93. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

94. Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and the Classes and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: February 19, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue

14

Case 2:18-cv-00249-DEJ    Filed 02/19/18    Page 14 of 15    Document 1

Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com

15